UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEKESHA MARIE ROBINSON,

      Plaintiff,                                           Case No. 19-CV-931

      v.

FOREST COUNTY JAIL,

      Defendant.

## ORDER

Plaintiff LaKesha Marie Robinson, a prisoner who is currently representing herself, has filed a civil action. She has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. The cost of filing a civil action in federal court is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. The Prison Litigation Reform Act (PLRA) requires prisoner plaintiffs proceeding without prepayment of the filing fee *(in forma pauperis)* to pay the $350.00 statutory filing fee over time. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id*. After the initial partial filing fee is paid, the plaintiff must

make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

On August 1, 2019, Robinson filed a certified copy of her prisoner trust account statement for the two months immediately preceding the filing of the complaint. (ECF No. 7.) A review of this information reveals that, for the two-month period immediately preceding the filing of the complaint[1], *see* 28 U.S.C. § 1915(a)(2), the average monthly deposit in Robinson's prison account was $2709.00 and the average monthly balance to the account was $182.04. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Robinson would be required to pay an initial partial filing fee of **$541.80** to the Clerk of Court. This amount exceeds the $350.00 statutory filing fee. Because the statutory formula (1915(b)(2)) requires that Robinson pay an initial partial filing fee that exceeds the $350.00 statutory filing fee, the court will deny Robinson's motion for leave to proceed without prepaying the filing fee. As explained below, the court will order Robinson to pay the $400.00 filing fee, or explain why she cannot do so, within twenty-one days of the date of this order.

---

[1] Robinson has been confined at the Forest County Jail since May 7, 2019. (ECF No. 7 at 48.) The court calculated the initial partial filing fee from her trust account statement from May 7, 2019 (when she entered the jail) until June 26, 2019 (when she filed the complaint).

2

The PLRA also provides that, if a prisoner files three or more actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, she will be prohibited from bringing any other actions *in forma pauperis* unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on Robinson's ability to bring other actions *in forma pauperis*. The court will not screen the complaint until she pays the filing fee. Accordingly, Robinson will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g) or do not wish to pay the filing fee as set forth in this Order, you must notify the court by filing a letter with the Clerk of Court on or before **May 21, 2019.** If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

If Robinson proceeds, she is advised that the complaint will be screened. Even if it is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the court will not refund the filing fee. Moreover, Robinson will still risk incurring a strike.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Robinson's motion for leave to proceed without prepaying the filing fee (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Robinson must pay the $400.00 filing fee on or before **September 9, 2019**, by submitting a check or money order payable to the Clerk of

Court. If Robinson is not able to pay the $400.00 filing fee from her regular trust account by **September 9, 2019**, she must advise the court in writing why she is not able to do so and if she thinks there is good cause to for the court to order payment of the $400.00 filing fee from her release account.

**IT IS FURTHER ORDERED** that, if on or before **September 9, 2019**, Robinson fails to pay the $400.00 filing fee or show cause for failing to do so, this case may be dismissed without prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Robinson is confined.

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the clerk's office receives Robinson's $400.00 filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Dated at Milwaukee, Wisconsin this 19th day of August, 2019.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge